OPINION
{¶ 1} On January 23, 1987, the Stark County Grand Jury indicted appellant, James LeMay, on one count of rape with a prior conviction specification in violation of R.C. 2907.02. Said charge arose from incidents involving a six year old boy.
 {¶ 2} On April 17, 1987, appellant pled guilty to an amended charge of gross sexual imposition with a prior conviction specification. Appellant was sentenced to four to ten years in prison, to be served consecutively to a sentence in a separate case involving theft/burglary charges.
 {¶ 3} On October 21, 2002, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed October 23, 2002, the trial court classified appellant as a "sexual predator."
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "There was no clear and convincing evidence to require the classification of the appellant as a sexual predator."
 I {¶ 6} Appellant claims there was no clear and convincing evidence to classify appellant as a sexual predator. We disagree.
 {¶ 7} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
 {¶ 8} R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 9} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 10} "(a) The offender's or delinquent child's age;
 {¶ 11} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 14} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 17} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 20} Appellant testified during the classification hearing. Appellant admitted to having had sexual contact with a six year boy on three separate occasions. T. at 38, 48. Specifically, appellant fondled the boy and performed fellatio on him, showed him pornographic magazines and made the boy fondled him and perform fellatio on him. T. at 48-49. After his incarceration, appellant sent letters to the boy and his family. T. at 57, 59. The investigator on the case, Detective Allen Kling, testified appellant was entrusted to babysit the boy and his brothers. T. at 11. Detective Kling testified to speaking with the boy's older brother, eleven years old at the time, who stated appellant "asked him one time if he could touch him." T. at 18. The older boy left the room and avoided appellant thereafter. Id. Based upon all the testimony and the exhibits, the trial court found at the time of the offense, appellant was twenty-two and the victim was six years old, appellant was a friend of the family who had earned the trust of the family and appellant told the boy he should not tell anyone because appellant would get in trouble. T. at 82-83. In addition, the trial court found the following:
 {¶ 21} "As far as the nature of the conduct, the Court finds that the State has established that there was a grooming process whereby the trust of the young child, the 6-year-old child, was obtained, and then the contact went — the conduct went to fondling to the point where they — a hotel room/motel room was rented, they took a bath together, they went into bed together, and various sexual acts were performed as described on — in the record." T. at 83.
 {¶ 22} The trial court concluded appellant's conduct demonstrates a pattern of abuse, and noted the incidents sub judice occurred while appellant was on probation. T. at 85. The trial court made the following observation:
 {¶ 23} "One of the — it struck the Court, during the testimony of Mr. LeMay, that he indicated that as part of his plan he would rely upon the State to come to his aid, yet the State was monitoring him at the time that these very acts were committed. So the disincentive to engage in criminal conduct at that time did not appear to come into play in the mind of the Defendant. In other words, it didn't act as some sort of prophylactic in preventing the Defendant from engaging in this illegal conduct." T. at 85-86.
 {¶ 24} The trial court classified appellant as a sexual predator, concluding "there is absolutely no evidence which would indicate there are any sort of mechanisms in place which would permit this Defendant to control impulses when it comes to molesting children." T. at 87.
 {¶ 25} Upon review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
 {¶ 26} The sole assignment of error is denied.
 {¶ 27} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
Topic: Sexual predator.